## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12CR261 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARA LIOI |
| vs. | : | |
| | : | |
| TIMOTHY WILKINS, | : | **MOTION TO SUPRESS** |
| | : | **(Evidentiary Hearing Requested)** |
| Defendant. | : | |

Defendant Timothy Wilkins, through undersigned counsel, hereby moves this Honorable Court to suppress the fruits of the stop and search conducted on April 30, 2012 as the stop and search violated Mr. Wilkins's constitutional rights under the Fourth Amendment of the United States Constitution. A Memorandum in Support of this motion is attached and incorporated herein.

Respectfully submitted,

*/s/ Jacqueline A. Johnson*
JACQUELINE A. JOHNSON
First Assistant
JEFFREY B. LAZARUS
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Phone: (216) 522-4856; Fax: (216) 522-4321
E-mail address: jacqueline_johnson@fd.org
E-mail address: jeffrey_lazarus@fd.org

<u>**MEMORANDUM IN SUPPORT**</u>

I.      **Factual Background**

Defendant Timothy Wilkins has been indicted for violation of 18 U.S.C. § 922(g)(1). Dkt.

1. His trial is currently set for September 10, 2012. The instant motion moves to suppress the fruits

of an illegal stop and search pursuant to the Fourth Amendment of the United States Constitution.

The facts contained in this portion of the motion are largely taken from the police reports and

documents created by law enforcement which Mr. Wilkins received in discovery. The recitation of

these facts is not an admission as to the accuracy of the events reported by law enforcement.

On April 30, 2012, Mr. Wilkins was the passenger in a car driven by his cousin Lincoln

Studgions. At 12:23 a.m., Mr. Studgions was driving his car southbound on E. 114th Street in

Cleveland, Ohio, heading towards Clarebird Avenue. The vehicle turned left onto Clarebird Avenue.

Cleveland Police Officers Schmitz and Nan, on patrol, were driving eastbound on Clarebird and saw

the car driven by Mr. Studgions. The officers claim the car driven by Studgions failed to stop at the

stop sign located at the intersection of E. 114th Street and Clarebird Avenue. The officers pulled up

behind the car driven by Mr. Studgions. The officers checked the license plate of the car, and the

car had no outstanding warrants or citations; officers also learned the car was registered to Mr.

Studgions. The officers followed the car as it reached E. 116th Street, then turned left onto E. 116th

Street, and continued northbound. At E. 116th Street and Craven Avenue, the officers activated their

lights and siren, and Mr. Studgions immediately pulled over to the side of the road and stopped the

car.

Officers approached both the driver and passenger sides of the car; Mr. Studgions was the

driver and Mr. Wilkins was in the front passenger seat. The Officers reportedly smelled alcohol on

Mr. Wilkins; Mr. Wilkins told officers he had been drinking. Mr. Studgions told officers he had not been drinking. The officers claim they noticed a "crunched up Styrofoam cup under the front passenger seat" that had liquid in it.  Officer Schmitz asked Mr. Wilkins to give him the cup. Officers claim as Mr. Wilkins handed the cup over, it broke in his hand. Officer Schmitz opined he could then smell Cognac liquor. Officers then ordered Mr. Wilkins and Mr. Studgions to get out of the car, and conducted a pat-down of both Mr. Wilkins and Mr. Studgions, which revealed no contraband. Both men were ordered to sit on the curb of the street, and willingly obliged while officers conducted a search of the car. The officers claim when they went into the car to search for the rest of the Styrofoam cup they found a handgun under the front passenger seat. Both Mr. Studgions and Mr. Wilkins were placed under arrest. Mr. Wilkins was subsequently indicted for violation of 18 U.S.C. § 922(g)(1) in the instant case.

Mr. Studgions was issued a traffic citation for allegedly running the stop sign at E. 114th Street and Clarebird Avenue in violation of Cleveland Municipal Code Section 431.19. On May 29, 2012, Mr. Studgions appeared in Cleveland Municipal Court for a trial on the citation for running the stop sign. On that date, the charge was dismissed against Mr. Studgions for want of prosecution.

## II.    Argument

For reasons explained herein, Mr. Wilkins moves to suppress both the initial stop of the car by officers as well as the scope of the search as they violate the his constitutional rights. The Fourth Amendment to the United States Constitution states:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

United States Constitution Amendment IV. A police stop of a motor vehicle is a significant intrusion requiring justification as a "seizure" within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution. <u>Delaware v. Prouse</u>, 440 U.S. 648, 653 (1979). The reasonableness of the stop is ascertained by first determining "whether the officer's action was justified at its inception," and second "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." <u>Terry v. Ohio</u>, 392 U.S. 1, 19-20 (1968). Accordingly, both the initial stop and the scope of the resulting search are separately considered, and for purposes of this motion will be addressed individually.

### A. Mr. Wilkins's Cousin Did Not Run The Stop Sign, So Police Had No Probable Cause To Pursue Or Pull The Car Over In The First Instance.

To justify pulling over a vehicle, a police officer must have "probable cause to believe that a traffic violation has occurred or was occurring." <u>United States v. Ferguson</u>, 8 F.3d 385, 391 (6th Cir. 1993). Mr. Wilkins does not bear any burden to prove that probable cause was lacking. Instead, the government bears the burden to prove that the traffic stop of Mr. Wilkins was justified. <u>United States v. Winfrey</u>, 915 F.2d 212, 216 (6th Cir. 1990). Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion. <u>United States v. Blair</u>, 524 F.3d 740, 748 (6th Cir. 2008).

In determining whether probable cause exists, the credibility of the officers involved in the traffic violation is crucial. "It is the responsibility of the courts to make sure that police officers act appropriately and not abuse the power legally afforded to them by, among other things, carefully scrutinizing a police officer's testimony as to the purpose of the initial traffic stop." <u>Hill</u>, 195 F.3d at 267; <u>see</u> <u>also</u> <u>United States v. Freeman</u>, 209 F.3d 464, 468 (6th Cir. 2000) (finding the officer's account of the traffic violation to be unbelievable, suppressing all evidence obtained during the

4

stop); <u>United States v. Gross</u>, 550 F.3d 578 (6th Cir. 2008) (officer did not have probable case to pull vehicle over for slow lane change when there was no evidence of erratic driving behavior).

There was no sufficient ground to initiate the traffic stop for the car in which Mr. Wilkins was a passenger. Mr. Wilkins was a passenger in a car driven by Mr. Studgions. Police purported to initiate the traffic stop because Mr. Studgions ran a stop sign.  Because there was no probable cause to believe Mr. Studgions ran the stop sign, the initial traffic stop was unconstitutional, and all resulting evidence and statements must be suppressed. In fact, Mr. Studgions did not run that stop sign.  The citation Mr. Studgions was issued at the time of the stop has been dismissed by the Cleveland Municipal Court. <u>See</u> Exhibit A, Docket of <u>City of Cleveland v. Studgions</u>, 2012 TRD 027861.

As Mr. Studgions maintains that he did not run a stop sign, and assuming the officers still maintain Mr. Studgions did run this stop sign, a significant issue of fact exists. Mr. Wilkins requests this Court hold an evidentiary hearing in order to decide if Mr. Studgions did indeed run the stop sign. If no such violation occurred, there was no probable cause to justify the officers's stop of the vehicle.

When the government fails to meet this burden of proof, the exclusionary rule allows courts to exclude the evidence seized in violation of the Fourth Amendment and exclude all evidence subsequently obtained as a result of that particular violation. set forth in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1962); <u>United States v. Hill</u>, 195 F.3d 258, 264 (6th Cir.1999). "In order to deter law enforcement officials from violating the Fourth Amendment by stopping persons without reasonable suspicion or by arresting them without probable cause, the Supreme Court has directed that 'all evidence obtained by an unconstitutional search and seizure [is] inadmissible in federal court

5

regardless of its source.'" United States v. Pearce, 531 F.3d 374, 381 (6th Cir. 2008) (quoting Mapp v. Ohio, 367 U.S. 643, 654 (1961)). "This exclusionary rule is supplemented by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." Id.

Here, the evidence obtained through the illegal stop – including any incriminating statements made by Mr. Wilkins – are fruits of the illegal traffic stop. None of the facts present in this case are intervening circumstances that purge the taint of the illegal stop.

> **B.      Even If this Court Concludes That the Basis for the Traffic Stop Was Proper, the Evidence and Subsequent Statements must Be Suppressed Because Officers Exceeded the Scope of the Initial Stop.**

Even if this Court finds that Mr. Studgions did commit a traffic violation, the subsequent search from the officers exceeded the scope of the stop, rendering the search unconstitutional. Police officers may only detain a vehicle and its occupants long enough to complete the purposes of the initial traffic stop.  United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006)  (citing United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995)).  Police officers may only extend the stop if something during the stop generates reasonable suspicion. Perez,  440 F.3d at 370.  "The scope of activities during an investigatory stop must reasonably be related to the circumstances that initially justified the stop." United States v. Richardson, 949 F.2d 851, 856 (6th Cir. 1991).  "If the manner in which an investigatory stop is conducted is unreasonable, the seizure then ripens into an arrest, which must be supported by probable cause." Smoak v. Hall, 460 F.3d 768, 779 (6th Cir. 2006).

For both the traffic stop and the warrantless search, the government bears the burden to prove that the police satisfied the requirements of the Fourth Amendment.  United States v. Winfrey, 915

6

F.2d 212, 216 (6th Cir. 1990) (government burden to justify traffic stop); United States v. Akrawi, 920 F.2d 418, 421 (6th Cir. 1990) (government burden to justify warrantless search).

In the instant case, the officers claim they initially stopped the car driven by Mr. Studgions because he ran a stop sign. Officers claim, however, that during the traffic stop, they smelled liquor. Mr. Watkins, the passenger, admitted to have been drinking, but Mr. Studgions, the driver, was not drinking. Officers claim they noticed a white styrofoam cup with liquor in it on the floor underneath Mr. Wilkins's seat. As a result, officers ordered Mr. Wilkins and Mr. Studgions out of the car, placing them on the curb of the street, while officers searched the car.

Once a traffic stop begins, detaining a motorist "any longer than is reasonably necessary to issue the traffic citation" requires "reasonable suspicion that the individual has engaged in more extensive criminal conduct." United States v. Bell, 555 F.3d 535, 539 (6th Cir. 2009) (quoting United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002)). Reasonable suspicion requires specific and articulable facts, which, taken together with rational inferences from those facts, must reasonably warrant the continued detention of a motorist after a traffic stop. Terry, 392 U.S. at 21. When examining the scope and duration of a stop, the relevant question is whether the stop was "prolonged beyond the time reasonably required to complete that mission." Id. The officers are unable to point to any other criminal conduct committed by either Mr. Studgions or Mr. Wilkins warranting continued detention of the vehicle.

By removing Mr. Wilkins and Mr. Studgions from the car, officers unconstitutionally exceeded the scope of the initial stop and did not have authority to search the vehicle. Recently, the Supreme Court re-defined when officers are justified in searching the passenger area of a vehicle. In Arizona v. Gant, 556 U.S. 332 (2009), the Supreme Court held the Fourth Amendment does not

allow an unwarranted search of a vehicle after the arrestee has been secured and cannot access the interior of the vehicle. In limiting the Court's prior holding in New York v. Belton 453 U.S. 454 (1981), the Supreme Court held:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

Gant, 556 U.S. at 351. The Court's holding followed its prior holding in Chimel v. California, 395 U.S. 752 (1969), which allowed narrow exceptions for vehicle searches in the interest of the safety of the officers. Id. at 335. Following Gant, the search of the vehicle violated the Fourth Amendment. Before searching the vehicle, the officers had removed Mr. Studgions and Mr. Wilkins from the vehicle, ordering them to sit on the curb.

Accordingly, neither Mr. Studgions nor Mr. Wilkins were within "reaching distance" of the passenger compartment at the time of search. Gant, 556 U.S. at 351. Officers cannot point to any safety concerns presented by Mr. Wilkins or Mr. Studgions. Thus, following the strictures set forth in Gant, the officers exceeded the scope of their authority and conducted an unconstitutional search of the vehicle. The fruits of this illegal search must therefore be suppressed under the exclusionary rule. See Wong Sun v. United States, 371 U.S. 471 (1962).

## III.    Conclusion

For the reasons stated above, the officers at issue violated Mr. Wilkins's Fourth Amendment by conducting an illegal stop and a subsequent illegal search. Accordingly, the evidence obtained as a result of this unconstitutional stop and search must be suppressed under the Fourth Amendment. Mr. Wilkins requests this Court schedule an evidentiary hearing.

Respectfully submitted,

*/s/ Jacqueline A. Johnson*

JACQUELINE A. JOHNSON
First Assistant
JEFFREY B. LAZARUS
Attorney at Law
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Phone:  (216) 522-4856;  Fax: (216) 522-4321
E-mail address: jacqueline_johnson@fd.org
E-mail address: jeffrey_lazarus@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, a copy of the foregoing Motion to Suppress was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/ Jacqueline A. Johnson*

JACQUELINE A. JOHNSON
Assistant Federal Public Defender

9