IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12CR261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| TIMOTHY WILKINS, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO SUPPRESS |
| Defendant. | ) | |

The United States of America, by and through its attorneys Steven M. Dettelbach, United States Attorney, and Jason M. Katz, Special Assistant United States Attorney, hereby opposes Defendant Timothy Wilkins's Motion to Suppress. (R. 16). In that Motion, Defendant argues that the police lacked probable cause to conduct a traffic stop of the car in which Wilkins was a passenger and that the police exceeded the scope of the initial stop. Id. As a result, Defendant argues that the loaded firearm found in the car is inadmissible at trial. Id. Contrary to Defendant's position, the evidence will show that the police had probable cause to initiate a traffic stop because the car ran not one, but two stop signs, in violation of both Cleveland and Ohio law. Moreover, during the course of that stop, the officers came to suspect an open-container violation. In investigating that violation, the police had probable cause to enter the

1

vehicle and seize the Styrofoam cup associated with that infraction. The subsequent finding of the firearm, while retrieving evidence related to the open-container investigation, was not a violation of Defendant's Fourth Amendment rights because the firearm was found during officers' efforts to collect evidence of the open-container violation.

## I. FACTUAL STATEMENT

On April 30, 2012, at approximately 12:23 a.m., Cleveland Police Officer Vasile Nan and his partner, Officer Steven Schmitz, were driving eastbound on Clarebird Avenue in Cleveland, Ohio. As the officers rounded the curve toward E. 114th Street, a car quickly turned in front of them, ignoring the stop sign on E. 114th Street. The police then observed the car, shortly thereafter, make a second stop-sign violation when it failed to stop before turning left on E. 116th Street. After this second stop-sign infraction, the police initiated a traffic stop of the vehicle.

Officer Nan exited the police cruiser and approached the driver's side of the vehicle, while Officer Schmitz approached the passenger's side. When Officer Nan arrived, the driver, Lincoln Studgions ("Driver") had already lowered his window. Upon speaking with the Driver, Officer Nan detected the smell of alcohol. Officer Nan alerted Officer Schmitz of the smell, and Officer Schmitz asked the front-seat passenger, Defendant Timothy Wilkins ("Defendant") to lower his window. Officer Schmitz also detected the smell of alcohol.

As Officer Nan continued to speak with the Driver, Officer Schmitz, remaining outside of the vehicle, looked through the car's windows to ensure that there were no threats to the officers' safety. While looking at the front, passenger-side floor, right under Defendant, Officer Schmitz saw, in plain view, a Styrofoam cup, which contained a caramel-colored liquid. Officer Schmitz

2

asked Defendant to hand him the cup. Defendant reached for the cup, but the cup broke in two as Defendant attempted to hand it to Officer Schmitz. Defendant handed Officer Schmitz the small piece of the cup; the larger part remained on the car's floor. Officer Schmitz smelled the piece of the cup and determined that the liquid smelled like alcohol.

Officer Nan then ordered Driver out of the car and escorted him to the curb, where he sat unhandcuffed. Officer Schmitz ordered Defendant out of the car and escorted him to the curb where he sat, also unhandcuffed. Officer Nan then returned to the car to retrieve the remaining part of the cup from the car's floor. As Officer Nan bent over to retrieve the cup, he noticed a silver gun, lodged between the passenger's seat and the car's center console. The officers then handcuffed both Defendant and Driver to investigate further. Officer Schmitz read Defendant and Driver their <u>Miranda</u> rights and confirmed that both understood their rights. Officer Nan returned to the car to retrieve the cup and the gun. Officer Nan secured a Bryco Arms, model Jennings T380, serial number 1429808, loaded with ammunition.

Defendant made a voluntary statement that the gun belonged to him and that Driver had no knowledge of the gun. The officers released Driver with a traffic citation and advised Defendant that he was under arrest for carrying a concealed weapon. The stop-sign-violation case against Driver was later dismissed for want of prosecution because Officer Schmitz did not attend the hearing at which Driver contested the citation. Defendant was subsequently indicted by a federal grand jury for violating 18 U.S.C. § 922(g)(1). Defendant now moves to suppress the gun because, as he alleges, Driver never ran either stop sign, and the officers exceeded the scope of the initial stop.

## II. ARGUMENT

**A.     The police had probable cause to initiate a traffic stop because Driver ran two stop signs.**

The police had the required justification to initiate a traffic stop because they witnessed a violation of a Cleveland traffic law. See, e.g., Bazzi v. City of Dearborn, 658 F.3d 598, 604 (6th Cir. 2011) ("A traffic violation provides probable cause to justify a stop."). Cleveland Codified Ordinance 431.19 states: "Except when directed to proceed by law enforcement, every driver of a vehicle approaching at a stop sign, shall stop at a clearly marked stop line…" The City Ordinance requires a complete stop. See Cleveland v. Jennings, 2000 WL 193253 at *1 (Ohio App. 8 Dist.).[1] In this case, Driver violated Ordinance 431.19 twice. First, Driver ran the stop sign when turning left from E. 114th Street onto Clarebird Avenue. Second, Driver failed to come to a complete stop despite a stop sign on Clarebird Avenue before turning the car left onto E. 116th Street.

Defendant now argues that Driver never ran the stop sign because Driver's citation was dismissed for want of prosecution. (R. 16, Motion to Suppress, at 5). Dismissal for want of prosecution is not a determination of a defendant's innocence on the merits. See Malinovsky v. Court of Common Pleas of Lorain County, 7 F.3d 1263, 1269-70 (6th Cir. 1993) (finding that dismissal for want of prosecution does not preclude filing subsequent charges under the Double Jeopardy Clause). In this case, Driver's case was dismissed for want of prosecution because

---

[1] The citation issued listed the Cleveland Codified Ordinance. However, running the stop sign also violated Ohio Revised Code 4511.43(A), which states, "Except when directed to proceed by a law enforcement officer, every driver of a vehicle…approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it."

Officer Schmitz did not attend the hearing in which Driver contested the charge. No court or jury ever determined, nor was asked to determine, whether the Driver did, in fact, run the stop sign; the prosecution was simply unable to present its case. Officers Nan and Schmitz will testify at the hearing on Defendant's motion that Driver failed to stop at both signs. Their testimony will conclusively establish that the officers had probable cause to initiate the traffic stop.

**B.     The officers did not exceed the scope of the initial stop.**

The officers' subsequent search of the car did not exceed the scope of the original traffic stop because the police discovered an open container of alcohol. The strong smell of alcohol, together with the Styrofoam cup containing alcohol, seen in plain view on the car's floor beneath Defendant, provided the police with the required probable cause to seize the evidence of that violation.

**1.     The duration of the traffic stop was reasonable.**

Defendant argues that the traffic stop exceeded a reasonable duration. (R. 16 at 7). Law enforcement may only detain a suspect as long as is necessary to complete the purpose of the initial traffic stop. United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006); United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995). If, however, during the course of the initial traffic stop, the officers have reasonable suspicion to justify further detention, they may extend the initial traffic stop to investigate the additional offense(s). Perez, 440 F.3d at 370. In this case, the officers smelled the strong odor of alcohol emanating from the vehicle almost immediately upon approaching the stopped car. Moreover, shortly after approaching the vehicle, the officers then identified, in plain view, what they believed to be an open container of alcohol under

5

Defendant's seat. The strong smell of alcohol and the Styrofoam cup of alcohol provided the officers with reasonable suspicion that Defendant had violated the open-container law. See State v. Brown, 2004 WL 1730132 at *5 (Ohio App. 2 Dist.) (finding that the discovery of an open beer can provided the police with reasonable suspicion that all occupants of the car had violated the open-container statute). Once the police had reasonable suspicion of an open-container violation, the police were no longer limited in the investigatory time restraints of the investigation into the stop-sign violation alone. Perez, 440 F.3d 363 at 370.

### 2. The police had probable cause to believe that Defendant had violated Ohio's open-container prohibition.

Ohio law prohibits the "possession [of] an open container of beer or intoxicating liquor…while operating <u>or being a passenger</u> in or on a motor vehicle on any street, highway, or other public or private property open to the public for purposes of vehicular travel or parking." Ohio Rev. Code § 4301.62 (B)(4) (emphasis added). Discovery of an open container in a vehicle provides police with probable cause to believe that an individual has violated the open-container law. See United States v. Jackson, 682 F.3d 448, 454 (6th Cir. 2012) (finding that discovery of an open container of beer provided independent probable cause to arrest defendant when defendant had committed multiple violations); United States v. Davis, 331 F.App'x 356, 361 (6th Cir. 2009) (finding that police had probable cause to seize a defendant when the police saw the defendant throw his beer can out the window of his car); United States v. Black, 240 F.App'x 95, 101-02 (6th Cir. 2007) (noting that smelling a strong odor of alcohol from the vehicle and discovering an open container provide probable cause to arrest the suspect for an open-container violation).

In his motion, Defendant argues that "the officers are unable to point to any other criminal conduct committed by either [Driver] or [Defendant] warranting continued detention of the vehicle." (R. 16 at 7). However, Defendant's own motion concedes that police also believed Defendant had committed an open-container violation. (R. 16 at 7) ("Officers claim they noticed a white styrofoam cup with liquor in it on the floor underneath Mr. Wilkins's seat."). Because possession of the open container alone is enough to find liability under the statute, see Ohio Rev. Code § 4301.62 (B)(4), the discovery of the cup was sufficient to provide the officers with probable cause.

### 3. The police did not need a warrant to search the vehicle because they had probable cause to believe that the vehicle contained evidence of a crime.

In the context of a traffic stop, police do not need a warrant and may "search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." California v. Acevedo, 500 U.S. 565, 580 (1991); United States v. Kincaide, 145 F.3d 771, 779 (6th Cir. 1998). In this case, the officers had probable cause to believe that there was evidence of the open-container violation in the vehicle. While Defendant was handing Officer Schmitz the Styrofoam cup it broke. Officer Schmitz suspected that the cup contained alcohol after smelling the smaller piece that had broken off. The larger piece of the cup, and the remaining alcohol, was on the car's floor. The police could clearly see that the cup's second part remained in the car. Id.

Defendant argues that Arizona v. Gant, 556 U.S, 332 (2009), limited the officers' authority to search the car by requiring that the suspect be within "reaching distance" of the automobile before police may conduct a search incident to arrest. (R. 16 at 8). Defendant, however, ignores half of Gant's holding. See 556 U.S. at 343. The Gant Court limited the

7

vehicle exception to the warrant requirement to two scenarios: in a search incident to arrest "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" and "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" 556 U.S. at 343 (citations omitted) (emphasis added). While Defendant was secured outside the reaching distance of the vehicle, the search was still valid because it was reasonable for the police to believe that evidence of the crime would be found in the vehicle. In fact, the officers could see in plain view that the remaining part of the cup was on the floor of the car when they ordered Defendant out of the car. If anything, Gant explicitly recognizes the officers' authority to enter the car to seize the evidence. See 556 U.S. at 343 ("[T]he offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.").

### III. CONCLUSION

Based on the foregoing and the facts of record, the government respectfully requests that Defendant's Motion to Suppress be denied.

          Respectfully submitted,

          STEVEN M. DETTELBACH
          United States Attorney

By:    /s/ Jason M. Katz
       Jason M. Katz
       Special Assistant U.S. Attorney
       Registration # 0076104
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113
       Telephone: 216-622-3990
       Facsimile: 216-522-8355
       jason.katz2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2012, a copy of the foregoing Government's Opposition to Defendant's Motion to Suppress was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jason M. Katz
Jason M. Katz
Special Assistant U.S. Attorney